UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL A. BURNHART, | ) | CASE NO. C06-0870-JLR-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTIONS TO CONSOLIDATE AND |
| REED HOLTGEERTS, et al., | ) | TO APPOINT COUNSEL |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought under 42 U.S.C. § 1983. Currently pending before the Court are plaintiff's motion to consolidate and to dismiss one defendant, and plaintiff's motion for appointment of counsel. The Court, having considered plaintiff's pending motions, and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's motion to consolidate (Dkt. No. 17) is DENIED. Plaintiff seeks to consolidate the instant action with Case No. C06-361 and Case No. C06-816. Plaintiff contends that the three actions are interdependent and that they involve similar facts and evidence. A review of plaintiff's various complaints reveals that one involves plaintiff's medical needs (Case No. C06-361, Dkt. No. 6 at 3), the other involves a challenge under the federal Wiretap Act to

the monitoring of plaintiff's telephone calls by the Regional Justice Center (Case No. C06-816, Dkt. No. 22), and the instant complaint involves plaintiff's placement in administrative segregation (Dkt. No. 6 at 3). While it appears that there might some slight overlap in facts, the cases are not sufficiently similar to justify consolidation. Accordingly, this Court concludes that the cases should remain separate.

(2) Plaintiff also moves to have defendant Brian O'Farrell dismissed from this action. However, it does not appear from the record that petitioner ever served his motion to consolidate and to dismiss one defendant on counsel for defendants. While the Court was able to render a decision on plaintiff's motion to consolidate without the input of defendants' counsel, defendants should be provided an opportunity to address the motion to dismiss before the Court renders a decision on that issue. Accordingly, defendants' counsel is directed to file a response to plaintiff's motion to dismiss defendant Brian O'Farrell from this action not later than **December 22, 2006**. Plaintiff's motion to dismiss (Dkt. No. 17) is RE-NOTED for consideration on the same date.

(3) Plaintiff's motion for appointment of counsel (Dkt. No. 21) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER DENYING PLAINTIFF'S MOTIONS TO
CONSOLIDATE AND TO APPOINT COUNSEL
PAGE -2

01       Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in
02 light of the complexity of the legal issues involved, he is unable to articulate his claims pro se.
03 Thus, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant
04 appointment of counsel at the present time.
05       (4)   The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and
06 to the Honorable James L. Robart.
07       DATED this <u>13th</u> day of December, 2006.

                                   /s/ Mary Alice Theiler
                                   Mary Alice Theiler
                                   United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS TO
CONSOLIDATE AND TO APPOINT COUNSEL
PAGE -3