UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BURNHART,  )
      )
    Plaintiff,  )    CASE NO.    C06-0870-JLR-MAT
      )
    v.  )
      )
SUE BELT, *et al*.,  )    ORDER DENYING PLAINTIFF'S
      )    MOTION TO COMPEL DISCOVERY
    Defendants.  )    AND TO APPOINT COUNSEL
_____)

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on plaintiff's motions to compel discovery and to appoint counsel. The Court, having considered plaintiff's pending motions, and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's motions to compel discovery (Dkt. Nos. 25 and 26) are DENIED[1]. Plaintiff seeks to compel defendants to produce documents related to his medical care and to his transfers to the segregation unit at the King County Regional Justice Center. Defendants, in their

---

[1] While plaintiff filed two separate motions to compel the motions are identical.

ORDER DENYING PLAINTIFF'S
MOTIONS TO COMPEL DISCOVERY
AND TO APPOINT COUNSEL - 1

1    response to plaintiff's motion to compel, assert that they have adequately responded to all
2    discovery requests directed to them in this case.  Defendants also note that they received no
3    discovery requests in this action related to plaintiff's medical care and, in any event, that such
4    requests would not be relevant to this action which does not involve any medical care issues.
5    Because the record reflects that defendants have responded to the discovery requests directed to
6    them in this case, and because plaintiff identifies no deficiencies in those responses, his motion to
7    compel must be denied.

8        (2)    Plaintiff's second motion to appoint counsel (Dkt. No. 30) is DENIED.  As plaintiff
9    was previously advised, there is no right to have counsel appointed in cases brought under 42
10   U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to
11   represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional
12   circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*,
13   745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding
14   of exceptional circumstances requires an evaluation of both the likelihood of success on the merits
15   and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal
16   issues involved.  *Wilborn*, 789 F.2d at 1331.

17   Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in
18   light of the complexity of the legal issues involved in this action, he is unable to articulate his
19   claims pro se.  Thus, plaintiff has not demonstrated that this case involves exceptional
20   circumstances that warrant appointment of counsel at the present time.

25   ORDER DENYING PLAINTIFF'S
     MOTIONS TO COMPEL DISCOVERY
26   AND TO APPOINT COUNSEL - 2

(3)     The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable James L. Robart.

DATED this <u>16th</u> day of March, 2007.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTIONS TO COMPEL DISCOVERY
AND TO APPOINT COUNSEL - 3